```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JEFFREY STERN, on behalf of himself  :
and as parent and guardian of JOSHUA :
PETER STERN,                         :
                                     :
                 Plaintiff,          :      06 Civ. 1400 (JSR)
                                     :
          -v-                        :
                                     :      MEMORANDUM ORDER
CIGNA GROUP INSURANCE and LIFE       :
INSURANCE COMPANY OF NORTH AMERICA,  :
                                     :
                 Defendants.         :
------------------------------------x
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-25-09
```

JED S. RAKOFF, U.S.D.J.

By motion dated March 20, 2009, plaintiff Jeffrey Stern moves to strike the expert report dated February 25, 2009 (the "Report") submitted by the defendant's expert witness, Mr. Gary D. Lake. See Ex. A to Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Strike Expert Report. Upon consideration of the parties' written submissions and oral arguments, the Court denies the plaintiff's motion to strike the Report without prejudice to the plaintiff's objecting to specific items of Mr. Lake's testimony at the upcoming bench trial of this case firmly scheduled for August 10, 2009.

Mr. Lake represents that he has close to "forty years of experience in the insurance and actuarial fields." See id. Drawing on this background, the Report, broadly speaking, addresses four basic inquiries: (1) how the insurance policy riders in question should be interpreted and in what sequence they should be applied; (2) whether the defendant insurance company's analysis of the policy is justifiable in light of the expert's experience within the

insurance industry; (3) whether the defendant's final determination of benefits in the amount of $100,000 to the plaintiff beneficiary was justifiable in light of the expert's experience within the insurance industry; and (4) to what extent the Summary Plan Descriptions support these conclusions.  A careful reading of the Report shows that, overall, it meets the requirements of Rule 702, Fed. R. Evid., and other applicable requirements, and should not be excluded.

This determination is made, however, based upon a perusal of the Report itself and counsel's arguments without the benefit of Mr. Lake's deposition testimony, which counsel has scheduled but not yet taken.  At the forthcoming trial, moreover, the Report itself will not be in evidence (since it is hearsay) and, instead, Mr. Lake will testify, the effect of the Report simply being to limit the parameters of his testimony.  At that point the Court will have the opportunity to put more pointed questions directly to Mr. Lake concerning the basis for his opinions and the methodology underlying them.  Particularly in a bench trial, the Court is able to conduct such inquiries in an efficient manner without imposing undue delay on the progress of the proceedings.  Thus, the Court may ultimately find that particular opinions proffered by Mr. Lake are insufficiently reliable to warrant admissibility at all, as opposed to simply affecting the weight accorded any particular point in question.

Thus, the Court denies the motion to strike the Report without prejudice to any objections made at trial to the

admissibility of particular aspects of Mr. Lake's testimony. The Clerk of the Court is directed to close document number 46 on the docket of this case.

SO ORDERED.

                                                    JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       June 15, 2009